## IN THE MATTER OF SUEJIRO TARADA.

### February 24, 1916.

*Contempt of court—Disobedience of court order—Escape:* An immigrant remanded in habeas corpus proceedings to the custody of immigration officers there to "remain as heretofore," but who makes escape from such custody, is guilty of contempt of court, under Judicial Code, sec. 268.

*Contempt of Court:*   On plea to jurisdiction.

*S. B. Kemp,* Assistant U. S. Attorney, for the United States.

*J. Lightfoot* for respondent.

CLEMONS, J.   Under decree of this court in the matter
of the application of Suejiro Tarada for a writ of habeas
corpus (Case No. 117), dated January 6, 1916, this respon-
dent Tarada was ordered to "remain as heretofore in the
custody of  .  .  .  Richard L. Halsey, Immigration In-
spector in charge at the Port of Honolulu".   He thereafter
filed herein a formal "appeal and notice of appeal" but has
taken no further steps toward the appeal's perfection.   On
January 19th he made what may be called a partial escape,
in breaking away from the narrow place where he was con-
fined in the Immigration Station premises.   On February
22d he made a complete escape, and upon his apprehen-
sion, which was soon effected, the United States Attorney
petitioned for an order to show cause why he should not
be punished for contempt.   This was granted, and at the
hearing thereon a plea to the jurisdiction was interposed in
behalf this respondent, the contention being that the
court lost jurisdiction when it ordered the writ discharged
and this respondent remanded to the custody of the immi-
gration officers, that he has offended them and not this
court, and, if not, that in any event his punishment should
be by a criminal proceeding as for an escape or something
of the kind.   Though the respondent made no return to
the order to show cause, and though his counsel then stated
that he was in no position to deny the facts alleged and
above recited in support of the petition for such order, the
court has taken testimony, including that of the respondent
himself who made no objection to testifying, and the facts
above stated have been established beyond any doubt.

A few words are called for on the jurisdictional question
raised in the plea.   Of course, the fact that the respondent
possibly might be punished criminally, is immaterial.   9
Cyc. 32.   On the broad aspect of the question neither coun-
sel nor court has been able to find any cases in point.   The
general rule, however, seems to bring this respondent with-
in the court's power to punish for contempt.   The power

of Federal courts is limited, but it contemplates punishment of "disobedience by any party . . . or other person to any lawful . . . order, rule, decree, or command of the said courts." Judicial Code, sec. 268. The Federal statutory provision is very nearly in the language of Mr. McQuillin's statement of the general rule, 9 Cyc. 8. In my own judgment, this respondent's escape is virtually in disobedience of the court's order: his obligation toward the court would seem to extend to the doing of all things to make its order effective. His escape was in the face of that order. A recent view of the Supreme Court is suggestive, as reflected in the syllabus of the report of *United States v. Shipp*, 214 U. S. 386-387, paragraph 2; see also Id., 425.

The plea to the jurisdiction is overruled, the respondent is found guilty of contempt and sentenced to fourteen days' imprisonment. On completion of the sentence, he will, of course, be returned to the custody of the Immigration Inspector in Charge.